THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

KENNETH JEFFREYS,  )
an individual,  )
  )
      Plaintiff,  )
  ) CASE NO.: 5:17-cv-00089
vs.  )
  )
COLUMBIA SUTTON SQUARE, LLC,  )
a Delaware Limited Liability Company,  )
  )
      Defendant.  )
_____ /

## COMPLAINT

Plaintiff, KENNETH JEFFREYS, through his undersigned counsel, hereby files this Complaint and sues COLUMBIA SUTTON SQUARE, LLC, a Delaware Limited Liability Company, for injunctive relief, damages, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief as well as damages pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, KENNETH JEFFREYS, (hereinafter referred to as "MR. JEFFREYS" or "Plaintiff"), is a resident of Wake County, North Carolina.

1

4. MR. JEFFREYS, is an individual with a qualified disability under the ADA. In 1992, MR. JEFFREYS was hit by a drunk driver while working on his job. As a result of that accident, MR. JEFFREYS is a double leg amputee.

5. Due to his disability, MR. JEFFREYS is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, COLUMBIA SUTTON SQUARE, LLC, a Delaware Limited Liability Company, (hereinafter referred to as "Defendant") is registered to do business in North Carolina. Upon information and belief, Defendant is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: Sutton Square Shopping Center (hereinafter referred to as the "Property,") which is generally located at 6325 Falls of Neuse Rd, Raleigh, NC 27615-6809.

7. All events giving rise to this lawsuit occurred in the Eastern District of North Carolina, Wake County.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a place of public accommodation and is subject to the ADA.

10. MR. JEFFREYS has visited the Property generally located at 6325 Falls of Neuse Rd, Raleigh, NC 27615-6809.

11. MR. JEFFREYS plans to visit the Property again in the near future.

12. However, during his previous visit, MR. JEFFREYS experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural

barriers discussed in this Complaint.

13. Due to these barriers, MR. JEFFREYS was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

14. MR. JEFFREYS continues to desire to visit the Property, but continues to encounter serious difficulty due to the barriers discussed herein, which still exist.

15. MR. JEFFREYS intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

16. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally observed and encountered by Plaintiff and hindered his access to the Property:

    A. Plaintiff encountered inaccessible parking designated for disabled use throughout the Property due to excessive slopes;

    B. Plaintiff encountered inaccessible curb cuts throughout the Property due to excessive slopes, creating a safety hazard for wheelchair users; and

    C. Plaintiff encountered inaccessible routes from the parking spaces designated for disabled use to the store entrances due to excessive slopes.

17. Upon information and belief, there are other current violations of the ADA and ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

18. Furthermore, the Defendant continues to discriminate against the Plaintiff by failing to

3

Case 5:17-cv-00089-FL   Document 1   Filed 02/17/17   Page 3 of 6

make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

20. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

21. Removal of the barriers to access located on the Property would provide Plaintiff an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which Defendant offers to the general public and to fully utilize the goods and services located therein.

22. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

23. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for such reasonable time, so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**KU & MUSSMAN, P.A.**
Attorneys for Plaintiff
6001 NW 153rd Street, Suite 100
Miami Lakes, FL 33014
Tel: (305) 891-1322
Fax: (305) 891-4512

By: /s/ Walter E. Daniels

KU & MUSSMAN, P.A.
Attorney for Plaintiff
Walter E. Daniels III, Esq.
NC Bar No. 27219
14 South Pack Square, Suite 502
Asheville, North Carolina 28801
Tel: (828) 258-7022
Fax: (888) 277-2412
danielslawfirm.p.c@gmail.com